IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RAYMOND DAKIM HARRIS JOINER,    )
                                )
         Plaintiff,             )
                                )
    v.                          )    1:13CV448
                                )
JONATHAN FRIEL, et al.,         )
                                )
         Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Raymond Dakim Harris Joiner, submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names Jonathan Friel, who is an assistant district attorney in Forsyth County, North Carolina, the Forsyth County Detention Center, and the State of North Carolina as Defendants. He alleges in rambling fashion that they violated his rights in numerous ways, which will be discussed in more detail below.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim, 64 F.3d at 955; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that Plaintiff's suit may undermine his state court criminal convictions. Plaintiff was a pretrial detainee at the time he filed his suit. However, it appears from the North Carolina Department of Public Safety website that he was thereafter convicted and is now serving a prison sentence. See http://www.doc.state.nc.us/offenders (search for "Raymond D. Joiner" last completed July 10, 2013). The nature of some of his allegations are that he was held without due process or probable cause or that the charges against him were invalid. To the extent that his claims might call his later convictions into question, Plaintiff is not permitted to do this without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper to the extent that his claims may call his convictions into question.

Plaintiff's designation of the "State of North Carolina" as a defendant is also not proper. Neither the State nor it agencies are "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Further, the Eleventh Amendment to the United States Constitution would limit any relief to a prospective injunction to remedy an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). Plaintiff improperly seeks damages as his primary form of relief. He also seeks injunctive relief, but asks only that Defendants be prohibited from using his "name and property" without his consent. This request is not supported by any allegations in the Complaint showing that his name or property have been misused. Therefore, the request for an injunction is not proper.

Plaintiff also names Jonathan Friel, a prosecutor, as a Defendant. However, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff's claims against Jonathan Friel should therefore be dismissed.

Finally, most of Plaintiff's claims are rambling and nonsensical. They focus primarily on violations of his "sovereignty" and deprivation of his nationality. Plaintiff speaks of contracts, secured parties, admiralty law, and maritime law, none of which have any apparent relation to his cases or to any possible violation of his federal rights. In passing, he does state that unidentified persons subjected him to retaliation, abuse, discrimination, and assault after he claimed his sovereignty in court. However, he provides absolutely no facts to support these allegations. They are nothing more than "unadorned,

the-defendant-unlawfully-harmed-me" allegations. He also states that unidentified persons kept him on segregated confinement, subject to cameras in his cell and strip searches. Again, however, Plaintiff provides absolutely no supporting facts to show that these actions somehow violated his constitutional rights and were not imposed as valid security measures by the facility housing him at the time. Finally, Plaintiff states that he was the victim of a physical assault. However, he does not identify the party assaulting him. More importantly, he states that the assault occurred at Central Prison, which is located in Raleigh, North Carolina. Neither that facility nor its employees are a party to this suit and Plaintiff states that the assault is the subject of a separate investigation and lawsuit. Overall, he states no claim for relief in this Court.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. Nevertheless, it appears from his *in forma pauperis* request that he is unable to make any initial payment. For that reason, the Court will not order an initial payment, but will set up payments of the filing fee through prison authorities.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 12th day of July, 2013.

                                                  /s/ L. Patrick Auld  
                                                  **L. Patrick Auld**  
                                        **United States Magistrate Judge**